**IN THE**
**TENTH COURT OF APPEALS**
No. 10-23-00353-CV


VIVIAN SAVAGE,

                                                              Appellant

 v.

MARVIN WEBSTER AND MARY WEBSTER,

                                                              Appellees

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. CV39802**

## CONCURRING OPINION

In this case, as in virtually all the instances that I can recall, my "vote" regards the judgment; not necessarily the opinion. The judgment is the operative document. The opinion merely attempts to explain how the Court arrived at the judgment, primarily for the purpose of *stare decisis*; that is, precedent. But simply a vote to "concur" can sometimes be confusing and might need to be explained as to why I concur in the

judgment but do not "join" the opinion.[1]  In this concurring "opinion," I will briefly explain why I concur in the judgment but not the Court's opinion.

I believe the Court's opinion is going to be difficult for the parties and the trial court to understand and inappropriate to apply.  It may lead to the waste of their time and resources which is of substantial concern to me.  Let us begin by all agreeing that there was a final, appealable judgment in the proceeding from which this appeal originated.  That final judgment was not appealed.  Long after that final judgment, Savage attempted to intervene in the proceeding.  The trial court properly denied that motion and refused to allow the proceeding to be reopened.  That is the order Savage is now trying to appeal.  That order is not a final judgment or appealable order.

The Websters questioned our jurisdiction to review the order denying intervention in this appeal.  That is a valid question which must be resolved.   Because the Websters had already raised the issue in their brief on appeal, it was unnecessary for us to *sua sponte* question our jurisdiction.  *See* Tex. R. App. P. 42.3; 44.3.

The Court dismisses this appeal for want of jurisdiction.  I agree we do not have jurisdiction of Savage's attempted appeal of the order which denied Savage's motion to intervene.  Thus, I concur in the Court's judgment of dismissal.  But I disagree with much of the legal analysis and discussion in the opinion which is beyond what is needed to address our jurisdiction.

The issue in this appeal is very narrow:  Is the order being appealed a final,

---

[1] Recently, I have been required by my colleagues to merely "vote" or write a separate opinion rather than using a "note" appended to the court's opinion to explain my vote.

appealable judgment or order for purposes of appeal? The answer to this question does not depend on the nature of the case or what happened in another proceeding (the bill of review). The answer really does not depend on anything outside the earlier final judgment, the recent order, and the few relevant Supreme Court of Texas opinions that define what constitutes a final, appealable judgment or order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001) and its progeny. Yet, the opinion is chocked full of discussion of the two prior proceedings, the original trespass-to-try-title suit and the bill of review, and the interplay between them. The opinion even suggests the direction the parties must pursue in the other proceeding (the bill of review) which is not before us. Thus, virtually all of the opinion's discussion is dicta. It is clearly not necessary to answer the very narrow question this Court must address in consideration of its jurisdiction of this appeal. All of this extraneous discussion does, however, support the Court's opening that we "look aghast at the mess left behind."

But what caused me to write separately is, primarily, my disagreement with the last line in the opinion that suggests the parties go back to the trial court in the bill-of-review proceeding and finish a trespass-to-try-title suit. They cannot. There is already a final judgment in the bill-of-review proceeding. That judgment has one of the traditional indicia of finality—a statement regarding the disposition of all parties and all claims and the appealability of the judgment.[2] *See Lehmann*, 39 S.W.3d at 205-206. The judgment in the bill-of-review proceeding was appealed by Savage, but the appeal was dismissed for

---

[2] "This judgment finally disposes of all parties and all claims and is appealable."

want of prosecution.

The Court's opinion does a good job of explaining why the judgment in the bill-of-review proceeding was erroneously final. Nevertheless, the judgment is as final as a judgment can get. To go back to the bill-of-review case now would be as erroneous as trying to go back to the trial court proceeding we are dealing with here—the original trespass-to-try-title suit. The language of the bill-of-review judgment and the trial court's actions/statements indicate that the trial court thought it was finished with the proceeding. Error in the judgment was not pursued on appeal, and the appeal of the final judgment in the bill-of-review case was dismissed by this Court for want of prosecution. Thus, the judgment in the bill-of-review case is now final, and the case cannot be reopened to complete that which has already been made final.

So, here I write more dicta, which I guess, as a concurring opinion, is worth less than the dicta in the Court's opinion, but which nevertheless explains why, notwithstanding that I concur in the judgment of the Court in this appeal, I can join no part of the Court's opinion.

I respectfully concur.

TOM GRAY
Chief Justice



Concurring Opinion delivered and filed October 24, 2024